# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM M. SAVINA,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1102**  (BOR Appeal No. 2046804)
(Claim No. 2008022653)

**HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William M. Savina, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Homer Laughlin China Company, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 30, 2012, in which the Board affirmed a December 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 17, 2010, decision granting Mr. Savina a 0% permanent partial disability award and closing the claim on a permanent partial disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Savina worked as a packer for Homer Laughlin China Company. His employment history shows that he performed repetitive work and maneuvering for nearly forty years. After years of suffering numbness and tingling in his fingers on both hands, he sought medical attention. On December 5, 2007, Henry Parcinski, D.O., diagnosed him with bilateral carpal tunnel syndrome. Mr. Savina was then referred to a neurologist for further evaluation. Mr. Savina eventually underwent carpal tunnel surgery in March of 2010. After missing work for three months, Mr. Savina returned to work and was deemed to have reached his maximum degree of medical impairment.

1

On August 12, 2010, Mr. Savina was examined by Sushil M. Sethi, M.D., who concluded that Mr. Savina had a 0% whole person impairment for his bilateral carpal tunnel syndrome. During testing, Dr. Sethi found that Mr. Savina's thenar and hypothenar muscles were normal. Mr. Savina's range of motion was found to be normal, and both Tinel and Phalen tests were negative. Dr. Sethi did not believe that Mr. Savina was entitled to any impairment based upon his evaluation.

Mr. Savina was then examined by John L. Dunne, D.O., on January 27, 2011. Dr. Dunne found that Mr. Savina suffered from decreased grip strength and sensory loss and had a positive Phalen's maneuver. Using Table 16 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993), Dr. Dunne opined that Mr. Savina had a 23% whole person impairment for the bilateral carpal tunnel syndrome.

Victoria M. Langa, M.D., performed an independent medical examination on June 20, 2011. Using Tables 10-12 and 15 of the American Medical Association's *Guides*, she found that Mr. Savina had a 0% impairment for his bilateral carpal tunnel syndrome. Dr. Langa then used Table 16 of the American Medical Association's *Guides*, which she admitted was not the preferred method for calculating residual permanent partial impairment, and further found that Mr. Savina had a 12% whole person impairment for his bilateral carpal tunnel syndrome. Dr. Langa disagreed with Dr. Dunne's recommendation of a 23% whole person impairment. Based upon Mr. Savina's full active range of motion and lack of thenar weakness with no sensory deficit, Dr. Langa did not believe that the results support such a recommendation of impairment.

The claims administrator granted Mr. Savina a 0% permanent partial disability award and closed the claim on a permanent partial disability basis. The Office of Judges reversed the claims administrator's decision and held that the preponderance of the evidence establishes that Mr. Savina has a 12% whole person impairment under the American Medical Association's *Guides*. The Office of Judges reasoned that Dr. Langa's report was the most credible objective medical opinion in the record. Dr. Langa concluded that Mr. Savina had a 12% whole person impairment for his bilateral carpal tunnel syndrome. After discrediting the reports of Dr. Sethi and Dr. Dunne, it was concluded that the preponderance of the evidence establishes that Mr. Savina has a 12% whole person impairment for his bilateral carpal tunnel syndrome.

The Board of Review reached the same reasoned conclusion as the Office of Judges in its decision of August 30, 2012. We agree with the reasoning and conclusions of the Board of Review. The Office of Judges correctly determined that Dr. Langa's report was the most credible medical opinion. The Board of Review and the Office of Judges correctly granted Mr. Savina a 12% permanent partial disability award for bilateral carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 2, 2014

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II